UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHNSON,<br><br>           Plaintiff,<br><br>      v.<br><br>J. OVERSTREET, *et al.*,<br><br>           Defendants. | Case No.  2:19-cv-02519-JAM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 20<br><br>OBJECTIONS DUE IN 14 DAYS |

  Plaintiff, a state prisoner proceeding without counsel, has sued seven correctional officers, claiming that they violated his Eighth Amendment rights by attacking him. He alleges that on February 26, 2018, while he was incarcerated at Folsom State Prison, defendants pulled him from his bunk, dragged him from his cell, and strip-searched him. They then allegedly lifted him by his arms, slammed him to the ground, and punched and kicked him. Defendants have filed a motion for summary judgment, arguing that plaintiff did not exhaust his administrative remedies before filing this action. I agree that plaintiff's claims should be dismissed as unexhausted and recommend that defendants' motion for summary judgment be granted.

## Legal Standards

### 1. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an

1 essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**2.   Exhaustion Requirements**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims require dismissal. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

4

**Analysis**

Defendants argue that, following the February 26, 2018 incident, plaintiff filed four administrative grievances, only one of which—FSP-O-18-00621—addressed the claims in this action. ECF No. 20-2 at 7-9. That grievance was cancelled at the first level because it was submitted more than thirty days after the incident. ECF No. 20-5 at 12. Defendants argue that because that grievance did not proceed through all three levels of review, this case must be dismissed. ECF No. 20-2 at 7-8.

Plaintiff does not appear to dispute that the FSP-O-18-00621 appeal did not exhaust his administrative remedies.[1] ECF No. 26 at 19-20. Instead, he claims that within thirty days of the incident, he submitted a grievance addressing defendants' use of excessive force. He contends, however, that he never received a response to that earlier grievance. *Id*. at 5-11. He also claims that he sent two letters to the prison's appeals coordinator inquiring about the status of that earlier grievance, but these too received no response. *Id*. at 5-6. Plaintiff argues that the failure to respond to his initial grievance and letters rendered the administrative procedures unavailable. *Id*. at 6-7.

Plaintiff, however, has not submitted any evidence reflecting that prison officials ignored a timely submitted grievance. And his vague assertions, lacking in details about the purported grievance, are insufficient to excuse his failure to exhaust.[2] *See F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *Otto v. Quinn*, No. EDCV 16-1883 AB (AS), 2019 WL 4221090, at *4 (C.D. Cal. June 6, 2019) (finding that plaintiff's "conclusory and unsupported assertion that he exhausted his

---

[1] Plaintiff does argue that the cancellation letter provided only vague instructions for how to correct the grievance's deficiencies. ECF No. 26 at 18. But contrary to plaintiff's contention, the cancellation letter specifically advised him that he could file a separate appeal challenging the cancellation decision. ECF No. 20-5 at 11; ECF No. 26 at 41. Plaintiff did not avail himself of that opportunity, ECF No. 20-5 at 6-8, which forecloses any argument that administrative remedies were unavailable. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'").

[2] Plaintiff does not identify the date on which he purportedly submitted the earlier grievance, or the individual to whom it was delivered.

1  administrative remedies is insufficient to avoid summary judgment"); *Jeffries v. Fields*, No. CV
2  12–1351 R(JC), 2014 WL 994908, at *18 (C.D. Cal. Mar. 10, 2014) (finding the plaintiff's
3  conclusory assertion that tampered with his grievance "insufficient to demonstrate that any failure
4  to exhaust was excused due to misconduct by prison officials that rendered further administrative
5  remedies unavailable").

6  Plaintiff also argues that a grievance that he submitted on April 25, 2018—log number
7  FSP-O-18-00493—contained sufficient information to exhaust his Eighth Amendment claims
8  against defendants. ECF No. 26 at 12-15. Defendants contend that the grievance, which received
9  a third-level decision, did not concern, or seek relief related to, defendants' alleged use of
10  excessive force. ECF No. 29 at 2-3. Accordingly, they maintain that this grievance did not
11  exhaust the claims raised in this action. *Id.*

12  For remedies to be fully exhausted, an appeal must "alert the prison to a problem and
13  facilitate its resolution." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (concluding that
14  inmate grievance cannot serve to exhaust administrative remedies where it fails to "'alert[ ] the
15  prison to the nature of the wrong for which redress is sought'"); *Sapp v. Kimbrell*, 623 F. 813,
16  824 (9th Cir. 2010) (holding that a grievance provides sufficient notice so long as "it alerts the
17  prison to the nature of the wrong for which redress is sought.."). In the grievance for appeal FSP-
18  18-O-00621, plaintiff complained that he was wrongfully found guilty of two rules violations—
19  both issued on February 26, 2018—for resisting a peace officer and refusing to provide a urine
20  sample. ECF No. 20-4 at 3, 9-12; ECF No. 26. He claimed that both violations were based on
21  misleading statements, and that he asked to be found not guilty and to have his credits be restored.
22  ECF No. 20-4 at 9. In arguing that he should not have been found guilty of the rule violations,
23  plaintiff did reference correctional officers' use of "unnecessary force" and "excessive force." *Id*.
24  Specifically, he claimed that he was unable to provide a urine sample because he was receiving
25  medical treatment for injuries caused by officers' use of "unnecessary force." *Id*. He also argued
26  that officers made false and misleading statements "to justify their use of excessive force . . . ."
27  *Id*.
28

But plaintiff's references to excessive force in his grievance failed to provide prison officials with notice that he was complaining about the claims raised in this suit. His references to excessive force are better understood as explanations for his claim that he was wrongfully found guilty of two rule violations. This reading is supported by the fact that the only relief plaintiff sought was to be found not guilty and to have his credits restored. ECF No. 20-4 at 9.

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' motion for summary judgment, ECF No. 20, be granted, and plaintiff's claims against them be dismissed without prejudice.

2. The Clerk of Court be directed to close this case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 24, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7